Filed 10/14/20  P. v. The North River Ins. Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B295103 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ4403) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Egerton, Dorothy Kim, David R. Fields, Maame Frimpong and Alison Matsumoto Estrada, Judges. Affirmed.

Jefferson T. Stamp for Defendants and Appellants The North River Insurance Company and Bad Boy Bail Bonds.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Kelsey C. Nau, Deputy County Counsel, for Plaintiff and Respondent.

The North River Insurance Company and its agent Bad Boys Bail Bonds (collectively North River parties) appeal the superior court's order denying its motion to set aside summary judgment, vacate forfeiture and exonerate the bond forfeited when the criminal defendant for whom it had been posted failed to appear in court as required. The North River parties argue on appeal, as they did in their motion to set aside, that the summary judgment was void because it had been entered by a different Los Angeles Superior Court judge from the one who had declared the bond forfeited. We rejected the identical argument in *People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bad Boys Bail Bonds posted a $75,000 bail bond on February 17, 2015 to secure the release of Alvaro Calderon from custody following his arrest. Calderon failed to appear in court on October 13, 2015 as required, and the court (Los Angeles Superior Court Judge Anne Egerton) ordered the bond forfeited. The clerk mailed the North River parties a notice of forfeiture on October 16, 2015.

When Calderon still failed to appear after several extensions of the appearance period had been granted at the request of the North River parties, Los Angeles Superior Court Judge David R. Fields signed and entered summary judgment in favor of the People.

The North River parties moved to set aside the summary judgment, vacate forfeiture and exonerate the bond, arguing summary judgment entered by a judge who had not declared the forfeiture violated their statutory and due process rights. The court denied the motion, and the North River parties appealed.

2

## DISCUSSION

Penal Code section 1306, subdivision (a), requires "the court which has declared the forfeiture" of the bail bond to enter summary judgment against the bondsman if the defendant has failed to appear within the statutory appearance period. In *People v. North River Ins. Co.*, *supra*, 53 Cal.App.5th 559 we held that language means exactly what it says: The same court that has jurisdiction over the matter must both declare the forfeiture and enter summary judgment; it "does not state, and does not mean, the same judge of the court must enter both orders." (*Id.* at p. 565.)

We also rejected the North River parties' contention that requiring the same bench officer who declared the forfeiture to enter summary judgment is a matter of due process. As we explained, that argument misapprehended the nature of summary judgment in the bail context. "Summary judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond. . . . If the forfeiture has not been vacated at the end of the appearance period, the court has no choice but to enter summary judgment in accordance with the terms stated in the bond." (*People v. North River Ins. Co.*, *supra*, 53 Cal.App.5th at p. 567.) Here, as was true in our earlier *North River* case, the record before the court when it entered summary judgment reflected the declaration of forfeiture, the expiration of the appearance period during which forfeiture could be vacated and the absence of a pending motion to vacate forfeiture. With that information, the court was required to enter summary judgment in accordance with the bond's terms. There was no due process violation.

## DISPOSITION

The order denying the North River parties' motion to vacate summary judgment and exonerate the bond is affirmed. The People are to recover their costs on appeal.


PERLUSS, P. J.


We concur:


SEGAL, J.


DILLON, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.